#12/13 (7/6 hrg off)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3533 PSG (PLAx) | Date | July 2, 2015 |
|---|---|---|---|
| Title | Richard A. Palm v. Los Angeles Department of Water and Power, *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order GRANTING Motion to Dismiss

Before the Court is Defendant City of Los Angeles' (acting by and through the Department of Water and Power) motion to dismiss Plaintiff's Second Amended Complaint ("SAC"). Dkt. # 12. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the supporting and opposing papers, the Court GRANTS the motion to dismiss.

I.   Background

Plaintiff Richard A. Palm ("Plaintiff"), an employee of Los Angeles Department of Water and Power ("LADWP"), asserts a claim for First Amendment retaliation in violation of 42 U.S.C. § 1983 against the LADWP and James Graden, Plaintiff's immediate supervisor (collectively, "Defendants").

Plaintiff began employment with LADWP on January 5, 1987 as a Steam Plant Assistant. *SAC* ¶ 7. On December 31, 2012, Plaintiff was promoted to Steam Plant Maintenance Supervisor for a six-month probationary period. *Id.* During the six-month period, each month, Defendants met with Plaintiff and provided him with a scored performance evaluation. *Id.* Plaintiff failed nearly all categories on his fifth evaluation. *Id.* at ¶ 14. Among other categories, Plaintiff failed "promptness," because on two occasions Plaintiff arrived only 5 minutes early to work; "attendance," despite not taking any unauthorized time off or sick leave; and "quantity of work performed," despite completing more work than he had on his previous passed evaluation. *Id.* After challenging the evaluation, in a meeting with Defendant Graden and Plant Manager Ashford ("Ashford"), Plaintiff was given the option to resign or else be terminated from employment. *Id.* at ¶¶ 17-18. Plaintiff resigned and has since been working in his former position. *Id.* at ¶ 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3533 PSG (PLAx) | Date | July 2, 2015 |
|---|---|---|---|
| Title | Richard A. Palm v. Los Angeles Department of Water and Power, *et al.* | | |

Plaintiff alleges that Defendants failed Plaintiff during his probationary position as Steam Plant Maintenance Supervisor in retaliation for Plaintiff's reporting and refusing to participate in violations of the California Labor Code and the California Health and Safety Code, among other laws. *Id.* at ¶¶ 9, 20. In particular, Plaintiff alleges that Defendants would require Plaintiff and other employees to "work off the clock"; Defendant Graden called in an electrical mechanic to work unsupervised; and Plaintiff witnessed employee time records being altered. *Id.* at ¶ 9.

Plaintiff filed his initial complaint against Defendant in Los Angeles Superior Court on June 19, 2014 for Whistleblower Retaliation pursuant to California Labor Code Section 1102.5. *Mot. to Dismiss ("Mot.")* 2:3-4.[1] Defendants each demurred on the grounds that Plaintiff failed to timely comply with the Government Claims Act. *Id.* 2:10-11. Defendant Graden also demurred on the ground that an individual cannot be held liable for whistleblower retaliation pursuant to California Labor Code Section 1102.5. *Id.* 2:11-13. Before the state court issued a ruling on the motions, Plaintiff amended his complaint to exclude Defendant Graden. *Id.* 2:14-17. The court sustained LADWP's demurrer to the First Amended Complaint without leave to amend as to the Whistleblower Retaliation cause of action but with leave to amend the complaint to assert a 42 U.S.C. § 1983 cause of action ("§ 1983 claim"). *Id.* 3:6-12. Plaintiff filed a SAC for the § 1983 claim on April 24, 2015, adding Defendant Graden to the complaint again. *Id.* 2:15-16. LADWP filed a Notice of Removal on May 8, 2015. Dkt. # 1. Defendant Graden has not yet been served by Plaintiff with the SAC and does not join in this motion to dismiss. *Removal* ¶ 11.

LADWP moves to dismiss the § 1983 claim against it. *See* Dkt. # 12.

II.     Legal Standard

A motion to dismiss under Rule 12(b)(6) tests whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When deciding a Rule 12(b)(6) motion, the Court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013); *Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th Cir. 2009). The Court, however, is not required to accept "legal conclusions . . . cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

After accepting all non-conclusory allegations as true and drawing all reasonable inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a

---

[1] State court documents are attached to the Notice of Removal. Dkt. # 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3533 PSG (PLAx) | | Date | July 2, 2015 |
|---|---|---|---|---|
| Title | Richard A. Palm v. Los Angeles Department of Water and Power, *et al.* | | | |

plausible claim to relief. *See Iqbal*, 556 U.S. at 679-80. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556); *see Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

III.   Discussion

Municipalities may be held liable under 42 U.S.C. § 1983 only when a constitutional violation results from the municipality's official policies or customs. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). Such a policy may be either "explicitly adopted" or "tacitly authorized," *Gibson v. U.S.*, 781 F.2d 1334, 1337-38 (9th Cir. 1986), so long as "the decision to adopt that particular course of action is properly made by that government's authorized decisionmakers," *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986). Liability under *Monell* may also attach where there is evidence of a "widespread practice that . . . is so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Gillette v. Delmore,* 979 F.2d 1342, 1348-49 (9th Cir. 1992) (citation omitted). However, an entity will only be liable under § 1983 where its policies or customs evince a "deliberate indifference" to the constitutional right and are a "moving force behind the constitutional violation." *Edgerly v. City and Cnty. of S.F.*, 599 F.3d 946, 960 (9th Cir. 2010) (quoting *Levine v. City of Alameda,* 525 F.3d 903, 907 (9th Cir. 2008)). A policy or custom is considered a "moving force" behind a constitutional violation if both causation-in-fact and proximate causation can be established. *See Harper v. City of L.A.*, 533 F.3d 1010, 1026 (9th Cir. 2008).

There are three ways to meet the policy, custom, or practice requirement for municipal liability under § 1983: (1) the plaintiff may prove that a government entity's employee committed the alleged constitutional violation pursuant to a formal policy or a longstanding practice or custom, which constitutes the standard operating procedure of the government entity; (2) the plaintiff may establish that the individual who committed the constitutional tort was an official with "final policy-making authority" and that the challenged action itself thus constituted an act of official government policy; or (3) the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action. *Hopper v. City of Pasco,* 241 F.3d 1067, 1083 (9th Cir. 2001).

Finally, in order to withstand Defendant's motion to dismiss, Plaintiff's *Monell* claim "must consist of more than mere formulaic recitations of the existence of unlawful policy customs or habits." *Alston v. Tassone*, No. CIV S-11-2078 JAM GGH PS, 2012 WL 2377015 at *8 (E.D. Cal. June 22, 2012) (internal quotations omitted); *see Twombly*, 550 U.S. at 555.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3533 PSG (PLAx) | | Date | July 2, 2015 |
|---|---|---|---|---|
| Title | Richard A. Palm v. Los Angeles Department of Water and Power, *et al.* | | | |

Here, Plaintiff contends that he has alleged constitutional violations stemming from: (1) "an officially adopted or promulgated policy"; (2) "a pervasive, long-standing custom or practice that has the force of law"; (3) the "municipality's omission-failure to train, supervise, discipline [its employees]"; and (4) "the decision of a final policymaker." *Opp.* 8:10-15.

      *i.*    *Official Policy*

Plaintiff does not allege any specific facts to support the first allegation and fails to identify any officially adopted or promulgated policy at issue. *See generally SAC*; *cf. Monell*, 436 U.S. at 694-95 (finding unconstitutional an officially adopted policy of the Department of Social Services and of the Board of Education of the city of New York that required pregnant employees to take unpaid leaves of absence before those leaves were medically required).

      *ii.*    *Custom or Practice*

Plaintiff fails to plead how the alleged violations originate from a City custom or practice. *See generally SAC*. All factual support stems from Defendant Graden's alleged violations. *Id.* Merely alleging violations by one employee does not establish a long-standing custom or practice. *See Alston*, 2012 WL 2377015 at *8-9. For example, Plaintiff alleges that, after bringing various violations to Defendant Graden's attention, Graden retaliated against him and ultimately constructively terminated Plaintiff from his position as Steam Plant Maintenance Supervisor. *See SAC*. Similarly, Plaintiff alleges that Defendant LADWP failed to "adequately investigate claims of reprisal for whistleblowing and fail[ed] to take appropriate steps to prevent future retaliation against persons who report violations of state and federal statutes [and labor code violations]." *SAC* ¶32. Plaintiff notes that LADWP "conducted an internal investigation [lasting] several months" and that his complaint was subsequently closed, *SAC* ¶¶ 23-24, but he alleges no violations during the investigation process, *see generally SAC*. Again, all the factual violations that Plaintiff cites refer to actions by Defendant Graden and, thus, Plaintiff does not allege a violation stemming from a custom or practice.[2]

---

[2] Plaintiff alleges a First Amendment freedom of speech violation. In such cases, *Monell* liability can be based on a policy, practice, or custom which retaliates against the individual for exercising his or her First Amendment right. *See McKinley v. City of Eloy*, 705 F.2d 1110, 1116-17 (9th Cir. 1983) (holding that the First Amendment protected an officer from being fired by an individual with policy-making authority in retaliation for publicly criticizing the City and police department). Plaintiff references a "long-standing custom or practice" of requiring employees to "work off the clock," a practice that does not retaliate against any exercise of his First Amendment right. Although Plaintiff alleges that he protested this overtime practice, in order to establish *Monell* liability, Plaintiff needs to adequately allege a separate practice designed to retaliate against his protest of the overtime practice. Simply alleging that he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3533 PSG (PLAx) | | Date | July 2, 2015 |
|---|---|---|---|---|
| Title | Richard A. Palm v. Los Angeles Department of Water and Power, *et al.* | | | |

### iii. Failure to Train, Supervise, Discipline Employees

Plaintiff does not allege any specific facts to support the third allegation, the municipality's failure to train, supervise, discipline employees. *See generally SAC*; *see Young v. City of Visalia*, 687 F.Supp.2d 1141, at 1149-50 (E.D. Cal. 2009) (holding that Plaintiff did not allege inadequate training and hiring practices because the Complaint failed to identify with specificity "what the training and hiring practices were, how the training and hiring practices were deficient, or how the training and hiring practices caused Plaintiff's harm").

### iv. Decision of Final Policymaker

Finally, Plaintiff has not pled facts establishing that Defendant Graden functioned as a "final policymaker." The fact that Defendant Graden "has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on the exercise of the discretion." *Pembaur*, 475 U.S. at 483. Plaintiff alleges that Defendant Graden "constructively terminated" Plaintiff, *SAC* ¶ 20, but the SAC primarily references Ashford when discussing the termination, indicating that it was Ashford's decision to terminate Plaintiff's employment as Steam Plant Maintenance Supervisor, *SAC* ¶¶ 17-18. Furthermore, the fact that Ashford and the LADWP relied on Defendant Graden's discretionary decisions "is not a delegation to [Defendant Graden] of the authority to make policy." *City of St. Louis v. Prapornik*, 485 U.S. 112, 130 (1988) (holding that supervisory transfer and layoff decisions did not establish municipal liability simply because those decisions were not substantively reviewed by higher officials).

Thus, Plaintiff's complaint is factually insufficient as it pertains to the *Monell* claim. Because Plaintiff has not pled facts capable of establishing that LADWP is subject to *Monell* liability, the Court need not address the "matter of public concern" argument pertaining to the merits of Plaintiff's § 1983 claim. While Plaintiff amended his complaint twice in state court, he has not amended his complaint after asserting the § 1983 claim in the SAC for the first time. Accordingly, the Court deems leave to amend appropriate at this stage in the litigation.

### IV. Conclusion

---

protested an illegitimate practice, without referencing a practice designed to retaliate against such speech, does not establish *Monell* liability.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3533 PSG (PLAx) | Date | July 2, 2015 |
|---|---|---|---|
| Title | Richard A. Palm v. Los Angeles Department of Water and Power, *et al.* | | |

    For the reasons stated above, the Court GRANTS LADWP's motion to dismiss, with leave to amend. Plaintiff may file a Third Amended Complaint ("TAC") consistent with this opinion no later than **July 30, 2015**. If Plaintiff fails to file a TAC by that date, the claim that has been dismissed with leave to amend will be dismissed with prejudice.

    **IT IS SO ORDERED.**